UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
JASPER DIVISION

| | |
|---|---|
| J.L., as next friend of K.L., a minor, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) 6:20-cv-01309-LSC ) |
| TIMOTHY VESS BENTON, *et al.*, | ) ) ) |
| Defendant. | ) ) ) |

**Memorandum of Opinion and Order**

J.L., the biological father of K.L., sued four named and seven fictitious defendants in the Circuit Court of Fayette County, Alabama. (Doc. 1-1 at ¶¶ 3–7.) After removal from state court and reassignment from a magistrate judge, two motions are now before this Court. First is a motion to remand, filed by J.L. (Doc. 8.) Second is a Rule 12(b)(6) motion to dismiss, filed by Fayette County Board of Education. (Doc. 2.) For the reasons explained below, J.L's motion to remand is due to be denied. The Court will hold the Board's motion to dismiss, without ruling on it, and direct J.L to file an amended complaint within fourteen days. *See Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997)

I.  **Background**[1]

Timothy Vess Benton ("Benton") worked as an assistant basketball coach at Hubbertville High School in Fayette County, Alabama. (Doc. 1-1 at ¶ 9.) As an assistant coach, Benton was allegedly allowed to peruse school grounds and access students with "minimal-to-no restraint, supervision, or accountability." (*Id.* at ¶ 10.)

For three months in the spring of 2017, Benton sexually abused K.L. (*Id.* at ¶ 11.) K.L was a minor, a student a Hubbertville High School, and a member of Benton's basketball team. (*Id.*) This abuse allegedly happened on school property and during school-sanctioned events. (*Id.*)

On May 24, 2017, an Alabama grand jury indicted Benton. (*Id.* at ¶ 12.) Those charges included sodomy in the first degree, sodomy in the second degree, sexual abuse in the first degree, sexual abuse in the second degree, enticing a child for immoral purposes, human trafficking in the first degree, indecent exposure, and electronic solicitation of a child. (*Id.* at ¶ 12.) Benton pleaded guilty to two counts of second-degree sodomy and now is serving two concurrent seventeen-year sentences in the Alabama Department of Corrections. (*Id.* at ¶ 13.)

---

[1] At this stage the Court "accept[s] the allegations in the complaint as true and construe[s] the facts in the light most favorable to the plaintiff." *Lanfear v. Home Depot, Inc.*, 679 F.3d 1267, 1275 (11th Cir. 2012). The following facts—or, more accurately, the following allegations—come from J.L.'s complaint. The Court makes no ruling on their veracity.

Acting on K.L.'s behalf, J.L. filed a complaint in state court on July 27, 2020. Count I alleges assault, battery, false-imprisonment, and outrage claims against Benton. (*Id.* at ¶¶ 17–22.) Count II appears to be a negligence claim against Hubbertville High School's principal, Tim Dunavant ("Dunavant"), and its head basketball coach, Lamar Harris ("Harris"). (*Id.* at ¶¶ 23–30.) Count III is a 42 U.S.C § 1983 claim against the Fayette County Board of Education ("the Board")—the "school board responsible for administering and supervising" Hubbertville High School. (*Id.* at ¶¶ 31–39.) The Board removed J.L's case to federal court on September 2, 2020. (*See* Doc. 1.) Twenty-eight days later, J.L. moved to remand the case back to state court. (Doc. 8.)

## II.  Motion to Remand

For a defendant to remove a case from state court to federal court, "[a]ll defendants who have been properly joined and served must join in or consent to the removal." 42 U.S.C. § 1446(b)(2)(A) (emphasis added). This so-called "rule of unanimity" is the only issue raised by J.L.'s motion to remand. According to J.L., the removing party (the Board) didn't satisfy § 1446 because Defendant Benton didn't properly consent to removal.

The Board adequately showed that Benton and all other defendants consented to removal. For one, its notice of removal represented that the "Counsel for the

Board . . . obtained consent from Defendants Timothy Vess Benton, Tim J. Dunavant, and Lamar Harris to removal in accordance with 28 U.S.C. § 1446(b)(2)(A)." Many circuit courts have held that such a representation—one signed by a party or a party's attorney and enforced by Federal Rule of Civil Procedure 11—is enough, on its own, to satisfy § 1446(b)(2)(A)'s unanimity requirement. *Mayo v. Bd. of Educ. of Prince George's Cnty.*, 713 F.3d 735, 742 (4th Cir. 2013) ("[W]e conclude that a notice of removal signed and filed by an attorney for one defendant representing unambiguously that the other defendants consent to the removal satisfies the requirement of unanimous consent for purposes of removal."); *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009) ("One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient."); *Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 201–02 (6th Cir. 2004). Second, the Board attached to its notice of removal a letter from Benton's then-attorney, dated August 31, 2020. (Doc. 1-2 at 4.) The letter provided, in relevant part:

> I do believe this case would be served better in Federal Court, and, therefore, please consider this formal consent on behalf of Timothy Benton.

(*Id.*) Even circuits with more stringent consent requirements acknowledge that a written, formal notice of consent satisfies § 1446(b)(2)(A). *See Pritchett v. Cottrell,*

*Inc.*, 512 F.3d 1057, 1062 (8th Cir. 2008); *Getty Oil Corp v. Ins. Co. of N. Am.*, 841 F.2d 1254, 1262 n.11 (5th Cir. 1988).

Although the Eleventh Circuit has not spoken directly to the question of how a removing defendant must show unanimous consent, this Court is satisfied with the Board's notice of removal. Section 1446(b)(2)(A) focuses on consent, not procedural technicalities. It asks but one question: have all "properly joined and served" defendants consented to removal? Reading in strict procedural requirements or formalistic rules for *how* a party may or must consent would judicially amend the statute and depart from the text. Under a fair reading of § 1446(b)(2)(A), the Board showed, through its representation and the attached letter, that all defendants consented to removal.

### III. The Board's Rule 12(b)(6) Motion to Dismiss

The Board moved to dismiss Count III, which is J.L's § 1983 claim. Dismissal is likely warranted for at least three reasons.

First, Count III does not specifically name a federal interest. "[T]he first step in any § 1983 analysis requires identification of the precise right that is alleged to have been violated." *Alcocer v. Mills*, 906 F.3d 944, 947 (11th Cir. 2018). Count III mentions "deliberate indifference," but a passing mention of a claim's elements falls short of the precision required for a § 1983 analysis. *Id.* ("Different rights prescribe

different legal analyses, so accurately diagnosing the right at issue is critical to properly analyzing a § 1983 plaintiff's claims."). As Count III is now pled, the Court cannot accurately diagnose the federal right at issue.

Second, J.L.'s complaint does not set each claim out in a separate count. *See Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1322 (11th Cir. 2015) ("The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief."). Count III appears to allege multiple theories of recovery. Some paragraphs read like a failure-to-train claim,[2] others read like a failure-to-protect claim.[3] The Court needs more precision and organization to well-evaluate the plausibility of Count III.

Third, J.L.'s complaint names seven fictitious defendants. While naming fictitious parties may be common practice in state courts, federal courts generally do not allow fictitious-party pleading. *Richardson v. Johnson*, 598 F.3d 734, 738 (11th Cir. 2010). J.L.'s complaint, furthermore, does not describe the fictitious parties specifically enough for the lone exception to apply. *See Dean v. Barber*, 951 F.2d 1210, 1215 n.6 (11th Cir. 1992).

---

[2] (*Id.* at ¶ 35) ("[T]he Board . . . failed to . . . exercise reasonably adequate training and/or supervision . . . .")

[3] (*Id.* at ¶ 36) ("[T]he Board . . . had a duty to provide a reasonably safe environment for students . . . .").

For now, the Court will hold the Board's motion to dismiss, without ruling on it, and direct J.L. to file an amended complaint within fourteen days. J.L. requested leave to amend, and "where a more carefully drafted compliant might state a claim," a court generally must give the plaintiff "at least one chance to amend" before dismissing the claim with prejudice. *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001). Should J.L not amend his complaint within the allotted time, the Court will rule on the Board's motion.

## IV. Order

For the reasons explained above,

- J.L.'s motion to remand is **DENIED.** (Doc. 8.)

- J.L. is **DIRECTED** to file an amended complaint within fourteen days of this Order's entry.

**DONE** and **ORDERED** on January 15, 2021.

L. Scott Coogler
United States District Judge

203323