FILED
2021 Jul-27 AM 10:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# JASPER DIVISION

| | |
|---|---|
| J.L., as next friend of K.L., a minor, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) 6:20-cv-01309-LSC |
| | ) ) |
| TIMOTHY VESS BENTON, *et al.*, | ) ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM OF OPINION AND ORDER

Fayette County Board of Education's ("FCBE") motion to dismiss is before the Court. (Doc. 29.) The motion is fully briefed and ripe for review. After careful consideration of those briefs and the cited authority, the motion is due to be denied because the plaintiff's amended complaint states a plausible failure-to-train claim against FCBE.

**I**

Timothy Vess Benton worked as an assistant basketball coach at Hubbertville High School in Fayette County, Alabama. In 2017, Benton used his position of authority to repeatedly victimize a child by sexually abusing K.L.—a minor, a

member of Benton's basketball team, and a student at Hubbertville High School. This abuse allegedly happened on school property and during school-sanctioned events.

On May 24, 2017, an Alabama grand jury indicted Benton on forty-eight criminal counts. Those charges included sodomy in the first degree, sodomy in the second degree, enticing a child for immoral purposes, electronic solicitation of a child, facilitating the travel of a child for an unlawful sex act, human trafficking in the first degree, alcohol distribution to a school student under eighteen, indecent exposure, and transmitting obscene material to a child by computer. Benton ultimately pleaded guilty to two counts of second-degree sodomy and is now serving two concurrent seventeen-year sentences in the Alabama Department of Corrections.

Acting as K.L.'s father and next friend, J.L. filed a multi-count civil complaint against FCBE and several individual defendants in the Circuit Court of Fayette County, Alabama. FCBE removed the case to federal court in September 2020 and then moved to dismiss the plaintiff's only federal claim: his 42 U.S.C. § 1983 claim against FCBE.

Although the Court did not grant FCBE's motion, it explained that "[d]ismissal [was] likely warranted" for several reasons. *J.L. v. Benton*, No. 6:20-cv-

01309-LSC, 2021 WL 148743 (N.D. Ala. Jan 15, 2021). Most importantly, the plaintiff had not identified the federal right or federal interest at issue in his § 1983 claim. His complaint passingly mentioned "deliberate indifference," but it never referenced a specific federal statutory or constitutional provision. Because an accurate diagnosis of "the right at issue is critical to properly analyzing a § 1983 plaintiff's claims," *Alcocer v. Mills*, 906 F.3d 944, 948 (11th Cir. 2018), and because "a passing mention of a claim's elements falls short of the precision required for a § 1983 analysis," *J.L.*, 2021 WL 148743, at *2, the Court directed J.L. to file an amended complaint within fourteen days.

The plaintiff filed a timely amended complaint: Count I alleges assault, battery, false-imprisonment, and outrage claims against Benton; Count II appears to be a negligence claim against Hubbertville High School's principal, Tim Dunavant, and its head basketball coach, Lamar Harris; and Count III is a § 1983 claim against FCBE—the school board "with the sole authority and responsibility to administer and supervise" Hubbertville High School.

FCBE responded with another Rule 12(b)(6) motion to dismiss. This motion advances two primary arguments. It first argues that the plaintiff's amended complaint once again "fails to name a federal interest" and fails to "set out each claim in a separate count." Second, the motion argues that the plaintiff's amended

complaint fails to state a plausible § 1983 claim against FCBE. The Court will address both arguments below.

## II

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). To survive a challenge brought under Federal Rule of Civil Procedure 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Lord Abbett Mun. Income Fund, Inc. v. Tyson*, 671 F.3d 1203, 1207 (11th Cir. 2012) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "This necessarily requires that a plaintiff include factual allegations for each essential element of his or her claim." *GeorgiaCarry.Org, Inc., v. Georgia*, 687 F.3d 1244, 1254 (11th Cir. 2012).

Evaluating a complaint's sufficiency is a two-step process. The Court "begins[s] by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Then the Court assumes the veracity of all well-pleaded factual allegations and "determine[s] whether they plausibly give rise to an entitlement to relief." *Id.*

### III

Unlike his initial pleading, the plaintiff's amended complaint identifies the federal right at issue here: the Fourteenth Amendment's Equal Protection Clause. He alleges a single failure-to-train against FCBE.

By identifying the federal interest at issue, and by limiting Count III to a single § 1983 claim, the plaintiff remedied the pleading defects noted in the Court's prior order. The lone remaining issue is whether the plaintiff has pled sufficient factual content to raise his failure-to-train claim "above the speculative level?" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The Court answers that question in the affirmative.

### IV

FCBE is a county school board, and, for purposes of § 1983, courts treat Alabama's school boards as local governmental entities. *Cf. Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1291–92 (11th Cir. 2004). Like municipalities and other entities of local government, a county school board faces § 1983 liability only if the board itself—and not the board's employees—"subjects" a person or causes a person "to be subjected" to a deprivation of federal rights. *See Monnell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1971). A county school board, in other words, "cannot be held liable under § 1983 on a *respondeat* superior theory." *Id.*

To distinguish direct liability from *respondeat superior* liability, courts ask if the school board's "official policy" was the "moving force" behind the plaintiff's alleged constitutional deprivation. *Vineyard v. Cnty. of Murray, Ga.*, 990 F.2d 1207, 1211 (11th Cir. 1993) (citing *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981)). If yes, then the school board's "*own* illegal acts"—and not the illegal acts of its employees—caused the plaintiff's alleged deprivation or injury. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986). Official policy might arise from a written policy, from enacted legislation, or from the decisions or actions of whichever "particular official has final policymaking authority" in an area of local government. *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123–21 (1988).

"In limited circumstances, a local government's decision not to train certain employees . . . to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick v. Thompson*, 563 U.S. 51, 61 (2011). The question is whether the local government was "deliberately indifferent" to the need for additional training. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). After all, "[o]nly where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Id.* (internal quotation marks omitted).

To demonstrate deliberate indifference a plaintiff must show the government "knew that a need to train or supervise its employees existed but made a deliberate choice not to take any action." *Thomas ex rel. Thomas v. Roberts*, 261 F.3d 1160 (11th Cir. 2001), *vacated on other grounds by*, 536 U.S. 953 (2002), *reinstated*, 323 F.3d 950 (11th Cir. 2003). A plaintiff can shoulder this burden in one of two ways. He can show "a pattern of constitutional violations exists such that the municipality [knew] or should [have known] that corrective measures [were] needed." *Gold v. City of Miami*, 151 F.3d 1346, 1352 n.12 (11th Cir. 1998) (quoting *Young v. City of Augusta, Ga.*, 59 F.3d 1160, 1172 (11th Cir. 1998)). He alternatively can show the need for additional training was obvious, even without a pattern of constitutional violations, because the government's untrained employees "face clear constitutional duties in recurrent situations." *Id.* "For example, city policymakers know to a moral certainty that their police officers will be required to arrest fleeing felons. . . . Thus, the need to train officers in the constitutional limitation on the use of deadly force can be said to be 'so obvious' that failure to do so could properly be characterized as 'deliberate indifference' to constitutional rights." *City of Canton*, 489 U.S. at 390 n.10 (internal citation omitted).

Taking the plaintiff's well-pleaded factual allegations as true, the need to train FCBE's employees on how to discover, handle, and report intra-school sexual

misconduct could plausibly be "so obvious that failure to do so could properly be characterized as deliberate indifference," even without a pattern of unconstitutional behavior. According to the plaintiff, "nearly 10% of K-12 students are targets of [educator sexual misconduct] sometime during their school career." If true, then approximately one out of every ten students encounter sexual misconduct by public school employees. If FCBE students encounter sexual misconduct at school in similar rates—and if, as the plaintiff claims, FCBE has "no policies," "no procedures," and "no training" on how employees should respond to educator sexual misconduct—then FCBE could plausibly have been deliberately indifferent to an obvious need for additional training.

It could be that FCBE employees rarely, if ever, encounter employee-on-student sexual misconduct within the school system. Perhaps discovery will show, in other words, that FCBE employees do not "face clear constitutional duties in recurrent situations." And it could be that FCBE has sufficient training and policies in place to guard against potential constitutional deprivations. But for now the plaintiff has pleaded sufficient factual content to survive 12(b)(6) scrutiny. The Court will leave the success or failure of his failure-to-train claim to summary judgment or trial.

## V

For the reasons just explained, FCBE's motion to dismiss (Doc. 29) is **DENIED**.

**DONE** and **ORDERED** on July 27, 2021.

_____
L. Scott Coogler
United States District Judge

203323